United States District Court
Southern District of Texas
FILED

MAR 2 4 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JOSEPH HUERTA, INDIVIDUALLY   §
& AS NEXT FRIEND OF TRISTAN   §
JOSEPH HUERTA, A MINOR CHILD   §
  §
v.   §    CIVIL ACTION NO. **C-00-123**
  §
VAIL CORPORATION, VAIL RESORTS,   §
INC. AND CORPUS CHRISTI   §
INSTITUTE OF PAIN MANAGEMENT   §

## NOTICE OF REMOVAL

Defendants Vail Corporation and Vail Resorts, Inc. (the "Vail Defendants"), remove this

case from the 319TH Judicial District Court, Nueces County, Texas to the United States District Court

for the Southern District of Texas, Corpus Christi Division. The Vail Defendants remove this case

pursuant to 28 U.S.C. §§ 1441 and 1446, based on diversity of citizenship under 28 U.S.C. § 1332.

In support of this removal, the Vail Defendants respectfully show the following:

1.     On February 15, 2000, Plaintiffs filed their Original Petition in the 319TH Judicial

District Court of Nueces County, Texas. Prior to service of the Original Petition, Plaintiffs filed their

First Amended Petition on February 24, 2000. Defendants Vail Corporation and Vail Resorts, Inc.

were served with both petitions on March 1, 2000. Defendant Corpus Christi Institute of Pain

Management was served with both petitions on February 28, 2000.

2.     According to Plaintiffs' First Amended Petition, Plaintiff Joseph Huerta was injured

while skiing in Vail, Colorado on March 13, 1998. Plaintiffs allege that the Vail Defendants failed

to adequately warn Mr. Huerta about the naturally occurring terrain that he encountered. Plaintiffs

sue to recover for alleged physical pain and suffering, mental anguish, medical expenses, future physical impairment, lost earning capacity, and loss of consortium for injuries from his skiing accident while in Vail, Colorado. In completely unrelated claims, Plaintiffs also sue Defendant Corpus Christi Institute of Pain Management for professional malpractice in the rehabilitation services it allegedly provided to Mr. Huerta. Plaintiffs claim that Mr. Huerta's rehabilitation has been less successful than it should have been.

3.      Plaintiffs are individuals domiciled in the State of Texas and thus are Texas citizens for diversity purposes.

4.      Defendant Vail Corporation is a Delaware corporation with its principal place of business in Colorado, and thus is a citizen of either Delaware or Colorado for diversity purposes.

5.      Defendant Vail Resorts, Inc. is a Colorado corporation with its principal place of business in Colorado, and thus is a citizen of Colorado for diversity purposes.

6.      Defendant Corpus Christi Institute of Pain Management is a Texas corporation with its principal place of business in Texas. However, Corpus Christi Institute of Pain Management has been fraudulently joined in this action for the purpose of defeating federal court diversity jurisdiction. Therefore, Corpus Christi Institute of Pain Management's presence in this lawsuit is irrelevant for purposes of removal and diversity jurisdiction.

7.      The fraudulent joinder doctrine applies to Plaintiffs' decision to sue Corpus Christi Institute of Pain Management for two reasons. First, Plaintiffs will be unable to establish a cause of action against Corpus Christi Institute of Pain Management. *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5TH Cir. 1981). Second, the claims asserted against Corpus Christi Institute of Pain Management have no connection to the claims against the Vail Defendants, such that joinder of these defendants is improper under FED. R. CIV. P. 20 or TEX. R. CIV. P. 40. *See Tapscott v. MS Dealer*

*Service Corp.*, 77 F.3d 1353, 1360 (11ᵀᴴ Cir. 1996); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11ᵀᴴ Cir. 1998). Therefore, the improper joinder of Corpus Christi Institute of Pain Management does not defeat diversity jurisdiction.

8.      Additionally, no consent is necessary from a co-defendant which the removing parties allege was fraudulently joined. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5ᵀᴴ Cir. 1993).

9.      The amount in controversy, exclusive of interest and costs, as pleaded will exceed $75,000. The amount in controversy is determined as of the time a complaint is filed. *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5ᵀᴴ Cir. 1998). The following allegations in Plaintiffs' First Amended Petition establish that the actual amount in controversy will exceed $75,000.

10.      Plaintiffs allege that Mr. Huerta "sustained severe head injuries" which caused him to enter a comatose state for almost two weeks. These injuries allegedly required surgery, substantial medical treatment, and extended rehabilitation. Plaintiffs sue for physical pain and suffering, mental anguish, medical expenses, future physical impairment, lost earning capacity, and loss of consortium for these injuries. Based on the foregoing, the amount in controversy will exceed the jurisdictional minimum of this Court. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5ᵀᴴ Cir. 1993).

11.      Because Plaintiffs are citizens of Texas, the Vail Defendants are not citizens of Texas, and Corpus Christi Institute of Pain Management's citizenship is irrelevant, there is complete diversity of citizenship. Further, since the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332. As such, this removal action is proper.

12. This notice of removal is being filed within 30 days of service of Plaintiffs' Original Petition and First Amended Petition on the Vail Defendants. Accordingly, this notice of removal is timely pursuant to 28 U.S.C. § 1446(b).

13. Under 28 U.S.C. § 1441(a) this district and division have exclusive jurisdiction over the removal of this case.

14. Attached to this notice of removal and incorporated herein are certified copies of the following documents:

      (i)      Index of exhibits to notice of removal;

      (ii)      Plaintiffs' Original Petition (Exhibit A);

      (iii)      Plaintiffs' First Amended Petition (Exhibit B);

      (iv)      Executed process for service upon Defendant Vail Corporation (Exhibit C);

      (v)      Executed process for service upon Defendant Vail Resorts, Inc. (Exhibit D);

      (vi)      Executed process for service upon Defendant Corpus Christi Institute of Pain Management (Exhibit E);

      (vii)      Defendant Corpus Christi Institute of Pain Management's Original Answer (Exhibit F)

      (viii)      A copy of the State Court's civil docket sheet (Exhibit G); and,

      (ix)      A list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit H).

15. Vail Defendants will promptly give Plaintiffs written notice of the filing of this notice of removal and are today filing a copy of that notice, together with a copy of this notice of removal and the attachments with the clerk of the 319TH Judicial District Court, Nueces County, Texas, thereby effecting removal pursuant to 28 U.S.C. § 1446(d).

-4-

Respectfully submitted,

Tracie J. Renfroe
TBA No. 16777000
Federal Admission No. 5465
Attorney-in-Charge

711 Louisiana Street, Suite 2900
Houston, Texas 77002-2781
(713) 223-2900 (Phone)
(713) 221-2123 (Fax)

**Counsel For Defendants Vail
Corporation and Vail Resorts, Inc.**

OF COUNSEL:

M. Colleen McHugh
TBA No. 00000071
Federal Admission No. 978
2000 One Shoreline Plaza - South Tower
800 N. Shoreline Blvd.
Corpus Christi, Texas 78401-3700
(361) 882-6644 (Phone)
(361) 882-6659 (Fax)

M. Coy Connelly
TBA No. 00793541
Federal Admission No. 19410
Bracewell & Patterson, L.L.P.
711 Louisiana Street, Suite 2900
Houston, Texas 77002-2781
(713) 223-2900 (Phone)
(713) 221-2159 (Fax)

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of this Notice of Removal has been delivered to the following counsel by certified mail, return receipt requested, on this the **24th** day of March, 2000.

               Mr. Mikal C. Watts
               Harris & Watts, P.C.
               555 N. Carancahua, Suite 1400
               Corpus Christi, Texas 78478

               Ms. Michele Quattlebaum
               Preston & Cowan, L.L.P.
               1150 First City Tower
               1001 Fannin Street
               Houston, Texas 77002

Macie J. Renfroe

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH HUERTA, INDIVIDUALLY | § | |
| & AS NEXT FRIEND OF TRISTAN | § | |
| JOSEPH HUERTA, A MINOR CHILD | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| VAIL CORPORATION, VAIL RESORTS, | § | |
| INC. AND CORPUS CHRISTI | § | |
| INSTITUTE OF PAIN MANAGEMENT | § | |

## INDEX OF EXHIBITS TO NOTICE OF REMOVAL

Exhibit A:     Plaintiffs' Original Petition

Exhibit B:     Plaintiffs' First Amended Petition

Exhibit C:     Executed process for service upon Defendant Vail Corporation

Exhibit D:     Executed process for service upon Defendant Vail Resorts, Inc.

Exhibit E:     Executed process for service upon Defendant Corpus Christi Institute of Pain Management

Exhibit F:     Defendant Corpus Christi Institute of Pain Management's Original Answer

Exhibit G:     A copy of the State Court's civil docket sheet

Exhibit H:     A list of all counsel of record, including addresses, telephone numbers and parties represented

CAUSE NO. 00 839 G

| | | |
|---|---|---|
| JOSEPH HUERTA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| & AS NEXT FRIEND OF TRISTAN JOSEPH | § | |
| HUERTA, A MINOR CHILD | § | |
| | § | |
| VS. | § | 319 TH JUDICIAL DISTRICT |
| | § | |
| VAIL CORPORATION, VAIL RESORTS, | § | |
| INC., JOSE CRUZ AND CORPUS CHRISTI | § | |
| INSTITUTE OF PAIN MANAGEMENT | § | NUECES COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

### LEVEL

Discovery under this case is to be conducted under the rules set forth in TRCP 190.2 (Level 2).

### PARTIES, JURISDICTION AND VENUE

Plaintiff A. Joseph Huerta is a lifelong resident of Nueces County, Texas.

Plaintiff Tristan Joseph Huerta is a minor child residing in Nueces County, Texas.

Defendant Vail Corporation owned and/or operated the resort known as Vail Mountain. Defendant Vail Corporation is a Delaware corporation with its principal place of business in the State of Colorado. It may be served with process by CM/RRR, delivery restricted to addressee through its registered agent for service of process: Robert E. Andrews, 137 Benchmark Road, Avon, Colorado 81620.

Defendant Vail Resorts, Inc. owned and operated the resort known as Vail Mountain. Defendant Vail Resorts, Inc. is a Colorado corporation with its principal place of business in the State of Colorado. It may be served with process by CM/RRR, delivery restricted to addressee through its registered agent for service of process: Robert E. Andrews, 137 Benchmark Road, Avon, Colorado 81620.

FILED - OSCAR SOLIZ
CLERK-DISTRICT COURTS
NUECES COUNTY, TEXAS
2000 FEB 15 P 2: 23
BY_____
DPTY

---

Plfs Original Petition
JEM/jj                    Page 1

## EXHIBIT A

533506
02

Defendant Jose Cruz is a resident of Corpus Christi, Nueces County, Texas and may be served with process by serving him at 6009 S. Staples, Corpus Christi, Texas 78413.

Defendant Corpus Christi Institute Of Pain Management, Inc. ("CCIPM") has its sole office and place of business in Corpus Christi, Nueces County, Texas and may be served with process by serving its agent for service of process:  6009 S. Staples, Corpus Christi, Texas 78413.

This is a cause of action for damages within this court's jurisdiction.

Venue is proper under the general venue provisions because defendant Cruz is a natural person domiciled in Corpus Christi, Nueces County, Texas and defendant CCIPM is a corporation with its principal place of business in Nueces County, Texas and there is no mandatory venue provision requiring venue in a different county.

## FACTS

On March 13, 1998, plaintiff A. Joseph Huerta was skiing on Riva Ridge Run, located on the premises owned, controlled or operated by the Vail defendants in Vail, Colorado when he fell into a steep ravine adjoining the trail.  Despite the fact that the condition of the premises off the marked run presented an unreasonable risk of harm, defendants did not adequately warn of the presence of this condition or erect sufficient physical barriers to prevent accidents like Mr. Huerta's.  The terrain characteristic was neither part of the trail, visible from the trail nor did it constitute an inherent danger or risk of skiing.  As a result of Vail defendants' failure adequately to protect against or warn of the dangerous condition, plaintiff hit his head on a downed tree at the bottom of this adjoining ravine and sustained severe head injuries.  Such injuries were not the product of any of the inherent dangers of skiing and plaintiff did not voluntarily assume the risk of any hazardous conditions not physically present on the trails.  As a

result these injuries, plaintiff was in a coma for approximately 12 days. He underwent surgery and received medical attention, including therapy at a hospital in Colorado prior to returning to Texas. Upon his release, he was treated in a number of other facilities and discharged from institutional care. He then began rehabilitation with defendant CCIPM.

CAUSES OF ACTION

NEGLIGENCE

Vail Defendants failed to warn of a hazardous condition on its premises, to erect physical barriers that would prevent persons from falling into the ravine or otherwise to make this condition reasonably safe. The Vail defendants' actions constitute negligence which was a proximate cause of injuries and damages sustained by plaintiff Joseph Huerta, including physical pain and suffering and mental anguish in the past and future, medical expenses in the past, past and future physical impairment and lost earnings in the past and lost earning capacity in the future.

Plaintiff Tristan Huerta has suffered damage to the parent-child relationship and sues to recover for loss of consortium.

In the alternative, plaintiffs bring this action to recover damages suffered due to the breach of the duty to exercise ordinary care in connection with the rehabilitation services provided. Defendants CCIPM and Cruz owed a duty to comply with the generally accepted standards in the chiropractic/rehabilitation community and such failure to adhere to that standard proximately caused a portion of plaintiffs' damages. Because of defendant CCIPM's failure properly to design and implement a rehabilitation plan, plaintiff's rehabilitation has been less successful than it should have been and his degree of residual impairment has been increased.

## CONCLUSION

Plaintiffs request that upon final trial they be awarded their actual damages in an amount to be determined by the trier of fact, together with costs of court, prejudgment and post-judgment interest at the highest lawful rates and any other relief to which they show themselves entitled.

Respectfully submitted,

HARRIS & WATTS, P.C.
Mikal C. Watts
State Bar No. 20981820
Juan Enrique Mejia
State Bar No. 00784588
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478
Phone: (361) 887-0500
Fax: (361) 887-0055

By _____
    Juan Enrique Mejia for Mikal C. Watts
    State Bar No. 00784588

ATTORNEYS FOR PLAINTIFFS



# HARRIS & WATTS P C

### *Attorneys at Law*

Juan Enrique Mejia
Attorney at Law

Telephone: (361) 887-0500
Facsimile: (361) 887-0055

February 15, 2000

Mr. Oscar Soliz
Nueces County Courthouse
901 Leopard
Corpus Christi, Texas 78401

Re:   Cause No. 00-839 G, *Joseph Huerta, Individually & as Next Friend of Tristan Joseph Huerta, a Minor Child,* In the District Court, 319th Judicial District, Nueces County, Texas

Dear Mr. Soliz:

Enclosed for filing i
along with our firm check
fee for issuance of four cit

*Please bring back bottom copy w/ file stamp. TXs*

Please stamp the ex
and return it to our courie
undersigned for service.

Should you have a
hesitate to contact our offi

Juan Enrique Mejía

JEM/jj
Enclosures
cc:   Mr. Joseph Huerta

Corpus Christi • Brownsville

555 North Carancahua, Suite 1400 • Corpus Christi, Texas 78478-0801 • Email: jemejia@harris-watts.com

CAUSE NO. 00-839-G

| | | |
|---|---|---|
| JOSEPH HUERTA, INDIVIDUALLY | § | IN THE DISTRICT COURT |
| & AS NEXT FRIEND OF TRISTAN JOSEPH | § | |
| HUERTA, A MINOR CHILD | § | |
| | § | |
| VS. | § | 319TH JUDICIAL DISTRICT |
| | § | |
| VAIL CORPORATION, VAIL RESORTS, | § | |
| INC. AND CORPUS CHRISTI | § | |
| INSTITUTE OF PAIN MANAGEMENT | § | NUECES COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED PETITION

### LEVEL

Discovery under this case is to be conducted under the rules set forth in TRCP 190.2 (Level 2).

### PARTIES, JURISDICTION AND VENUE

Plaintiff A. Joseph Huerta is a lifelong resident of Nueces County, Texas.

Plaintiff Tristan Joseph Huerta is a minor child residing in Nueces County, Texas.

Defendant Vail Corporation owned and/or operated the resort known as Vail Mountain. Defendant Vail Corporation is a Delaware corporation with its principal place of business in the State of Colorado. It may be served with process by CM/RRR, delivery restricted to addressee through its registered agent for service of process: Robert E. Andrews, 137 Benchmark Road, Avon, Colorado 81620.

Defendant Vail Resorts, Inc. owned and operated the resort known as Vail Mountain. Defendant Vail Resorts, Inc. is a Colorado corporation with its principal place of business in the State of Colorado. It may be served with process by CM/RRR, delivery restricted to addressee through its registered agent for service of process: Robert E. Andrews, 137 Benchmark Road, Avon, Colorado 81620.



---

Plfs 1ˢᵗ Amend Petition
JEM/jj                    Page 1

# EXHIBIT B

Defendant Corpus Christi Institute Of Pain Management, Inc. ("CCIPM") has its sole office and place of business in Corpus Christi, Nueces County, Texas and may be served with process by serving its agent for service of process: 6009 S. Staples, Corpus Christi, Texas 78413.

This is a cause of action for damages within this court's jurisdiction.

Venue is proper under the general venue provisions because defendant CCIPM is a corporation with its principal place of business in Nueces County, Texas and there is no mandatory venue provision requiring venue in a different county.

## FACTS

On March 13, 1998, plaintiff A. Joseph Huerta was skiing on Riva Ridge Run, located on the premises owned, controlled or operated by the Vail defendants in Vail, Colorado when he fell into a steep ravine adjoining the trail. Despite the fact that the condition of the premises off the marked run presented an unreasonable risk of harm, defendants did not adequately warn of the presence of this condition or erect sufficient physical barriers to prevent accidents like Mr. Huerta's. The terrain characteristic was neither part of the trail, visible from the trail nor did it constitute an inherent danger or risk of skiing. As a result of Vail defendants' failure adequately to protect against or warn of the dangerous condition, plaintiff hit his head on a downed tree at the bottom of this adjoining ravine and sustained severe head injuries. Such injuries were not the product of any of the inherent dangers of skiing and plaintiff did not voluntarily assume the risk of any hazardous conditions not physically present on the trails. As a result these injuries, plaintiff was in a coma for approximately 12 days. He underwent surgery and received medical attention, including therapy at a hospital in Colorado prior to returning to Texas. Upon his release, he was treated in a number of other

facilities and discharged from institutional care.  He then began rehabilitation with defendant CCIPM.

## CAUSES OF ACTION

## NEGLIGENCE

Vail Defendants failed to warn of a hazardous condition on its premises, to erect physical barriers that would prevent persons from falling into the ravine or otherwise to make this condition reasonably safe.  The Vail defendants' actions constitute negligence which was a proximate cause of injuries and damages sustained by plaintiff Joseph Huerta, including physical pain and suffering and mental anguish in the past and future, medical expenses in the past, past and future physical impairment and lost earnings in the past and lost earning capacity in the future.

Plaintiff Tristan Huerta has suffered damage to the parent-child relationship and sues to recover for loss of consortium.

In the alternative, plaintiffs bring this action to recover damages suffered due to the breach of the duty to exercise ordinary care in connection with the rehabilitation services provided.  Defendant CCIPM owed a duty to comply with the generally accepted standards in the chiropractic/rehabilitation community and such failure to adhere to that standard proximately caused a portion of plaintiffs' damages.  Because of defendant CCIPM's failure properly to design and implement a rehabilitation plan, plaintiff's rehabilitation has been less successful than it should have been and his degree of residual impairment has been increased.

## CONCLUSION

Plaintiffs request that upon final trial they be awarded their actual damages in an amount to be determined by the trier of fact, together with costs of court, prejudgment

and post-judgment interest at the highest lawful rates and any other relief to which

they show themselves entitled.

Respectfully submitted,

HARRIS & WATTS, P.C.
Mikal C. Watts
State Bar No. 20981820
Juan Enrique Mejia
State Bar No. 00784588
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478
Phone: (361) 887-0500
Fax: (361) 887-0055

By_____
        Juan Enrique Mejia for Mikal C. Watts
        State Bar No. 00784588

ATTORNEYS FOR PLAINTIFFS



ORIG

Citation for Personal Service - NON-RESIDENT NOTICE

Lit. Seq. # 5.003.01

No. 00-00839-00-0-G

T H E   S T A T E   O F   T E X A S

NOTICE TO _____DEFENDANT_____ : You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
VAIL CORPORATION
MAY BE SERVED BY SERVING ITS REGISTERED AGENT, ROBERT E. ANDREWS, AT
137 BENCHMARK ROAD, AVON, COLORADO

the _____DEFENDANT_____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court, 319th Judicial District  of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said _____PETITION_____ was filed on FEBRUARY 15, 2000 . A copy of same accompanies this citation.

The file number of said suit being No. 00-00839-00-0-G.
The style of the case is:

HUERTA, JOSEPH, INDIV & N/F/O
VS.
VAIL CORPORATION, ET AL

Said petition was filed in said court by _____JUAN ENRIQUE MEJIA_____ (Attorney for _____PLAINTIFF_____), whose address is 555 N. CARANCAHUA, SUITE 1400, CORPUS CHRISTI, TEXAS  78478

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the 23rd day of FEBRUARY , A.D. 2000.



OSCAR SOLIZ_____ , DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987
By: _____Deputy
IDALIA G. GARZA

EXHIBIT C

CIVPDF - www.fastio.com

# AUTHORIZED OFFICER'S RETURN

CASE #: 00839G                                                    COURT 319

Came to hand on the __1st__ day of __March    2000__ , 1999 at __8:30__ o'clock __A__ .M.

Documents received for service:

**CITATION W/PLAINTIFF'S ORIGINAL PETITION; PLAINTIFF'S
FIRST AMENDED PETITION**

Executed on the __1st__ day of __March    2000__ , 1999 at __11:58__ o'clock __a__.M.

Executed at __Vail Resort Inc. (Corp HQ) 137 Benchmark Rd. Avon, CO 81620__

_____within the County of _____by delivering

to: **Vail Corporation**
    **By Serving Its Registered Agent, Robert E. Andrews**
      **Substitute Service to Associate General Counsel   Mark E. Manley**

a true copy of the documents listed above having first endorsed on the date of delivery

in the following manner:

_____ by delivering to the above in person.
_____ (Substitute Service) per Rule 106/536 Order by delivering to:_____
        _____in person the age of sixteen then residing therein, to wit:
_____ by posting; by securely affixing to the main door at the above address, per
        Rule 106/536 Order.
__XX__ by delivering them to an officer or managing agent whose name and title is:
        **Mark E. Manley    Associate General Counsel for Vail Resorts Inc.**
_____ Other: _____

Not Executed for the following reasons:_____

I, am over the age of eighteen, not a party to nor interested in the outcome of the
above numbered suit and am authorized by written order of the court to serve citations
and other notices.

Service Fee $_____              Printed Name  **Chris J. Schuck**
                                      Authorized Person / Constable / Sheriff
                                      OR#/ID#_____
STATE OF TEXAS     }

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn declared that the statements therein contained are true
and correct.  Given my hand and seal of office on this the __1__ day of __MARCH__ ,2000.

                                      NOTARY PUBLIC SIGNATURE
                                      WestStar Bank
                                      108 South Frontage Road West
                                      Vail, CO 81657

PCP Inv. # C0200 202

                                      My Commission Expires 04/13/2002

Citation for Personal Service - NON-RESIDENT NOTICE

ORIG

Lit. Seq. # 5.004.01

No. 00-00839-00-0-G

T H E   S T A T E   O F   T E X A S

NOTICE TO _____DEFENDANT_____ : You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
VAIL RESOSRTS, INC.
MAY BE SERVED BY SERVING ITS REGISTERED AGENT, ROBERT E. ANDREWS, AT
137 BENCHMARK ROAD, AVON, COLORADO

the _____DEFENDANT_____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court, 319th Judicial District of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said _____PETITION_____ was filed on FEBRUARY 15, 2000 . A copy of same accompanies this citation.

The file number of said suit being No. 00-00839-00-0-G.
The style of the case is:

HUERTA, JOSEPH, INDIV & N/F/O
VS.
VAIL CORPORATION, ET AL

Said petition was filed in said court by _____JUAN ENRIQUE MEJIA_____
(Attorney for _____PLAINTIFF_____ ), whose address is
555 N. CARANCAHUA, SUITE 1400, CORPUS CHRISTI, TEXAS 78478

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the 23rd day of FEBRUARY , A.D. 2000.



OSCAR SOLIZ , DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By: _____ Deputy
IDALIA G. GARZA

**EXHIBIT D**

# AUTHORIZED OFFICER'S RETURN

CASE #: 00839G                                              COURT 319

Came to hand on the 1st day of March 2000 , 1999 at 8:30am o'clock A.M.

Documents received for service:

**CITATION W/PLAINTIFF'S ORIGINAL PETITION; PLAINTIFF'S FIRST AMENDED PETITION**

Executed on the 1st day of March 2000 , 1999 at 11:58 o'clock A.M.

Executed at Vail ResortInc.(Corp. HQ) 137 Benchmark Rd. Avon, CO 81620

_____ within the County of Eagle _____ by delivering

to: **Vail Resorts, Inc.**
   **By Serving Its Registered Agent, Robert E. Andrews**

   Substitute service to Associate General Counsel  Mark E. Manley
a true copy of the documents listed above having first endorsed on the date of delivery

in the following manner:

_____ by delivering to the above in person.
_____ (Substitute Service) per Rule 106/536 Order by delivering to:_____
      _____ in person the age of sixteen then residing therein, to wit:
_____ by posting; by securely affixing to the main door at the above address, per
      Rule 106/536 Order.
__xx__ by delivering them to an officer or managing agent whose name and title is:
      **Mark E. Manley  Associate General Counsel for Vail Resorts**
_____ Other: _____

Not Executed for the following reasons:_____
_____.

I, am over the age of eighteen, not a party to nor interested in the outcome of the
above numbered suit and am authorized by written order of the court to serve citations
and other notices.

Service Fee $_____          Printed Name Chris J. Schuck
                                Authorized Person / Constable / Sheriff
                                OR#/ID#_____

STATE OF TEXAS       }

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn declared that the statements therein contained are true
and correct.  Given my hand and seal of office on this the / day of MARCH ,2000.

                                NOTARY PUBLIC SIGNATURE
                                **WestStar Bank**
                                **108 South Frontage Road West**
                                **Vail, CO 81657**

PCP Inv. # C0200 203

                                **My Commission Expires 04/13/2002**

Citation for Personal Service - RESIDENT _____

ORIG

Lit. Seq. # 5.006.01

No. 00-00839-00-0-G

T H E   S T A T E   O F   T E X A S

NOTICE TO _____DEFENDANT_____ : You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
CORPUS CHRISTI INSTITUTE OF PAIN MANAGEMENT, INC.
MAY BE SERVED BY SERVING ITS AGENT AT 6009 S. STAPLES, CORPUS CHRISTI, TEXAS 78413

the _____DEFENDANT_____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court, 319th Judicial District of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said _____PETITION_____ was filed on FEBRUARY 15, 2000 . A copy of same accompanies this citation.

The file number of said suit being No. 00-00839-00-0-G.
The style of the case is:
HUERTA, JOSEPH, INDIV & N/F/O
VS.
VAIL CORPORATION, ET AL

Said petition was filed in said court by _____JUAN ENRIQUE MEJIA_____
(Attorney for _____PLAINTIFF_____ ), whose address is
555 N. CARANCAHUA, SUITE 1400, CORPUS CHRISTI, TEXAS

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the 23rd day of FEBRUARY , A.D. 2000.

_____OSCAR SOLIZ_____ , DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403/2987

By: _Idalia G. Garza_ Deputy
IDALIA G. GARZA



**EXHIBIT E**

CutePDF - www.tevisa.com

# OFFICERS RETURN OF SERVICE

CASE # 00839G

COURT 319
Clt. Ref.#

Clt.#   9287

JOSEPH HUERTA, INDIV. ET AL

VS

VAIL CORPORATION, VAIL RESORTS, ET AL

The documents came to our hand for service on 02/24/00  Time: 15:00:00

Documents received for service:

**CITATION W/ORIGINAL PETITION; FIRST AMENDED PETITION**

The documents were delivered on **02/28/00  Time: 19:05:00**

Executed at: 6009 S. Staples
             Corpus Christi, TX 78413

to the following: **Corpus Christi Institute Of Pain Management, Inc.**
                  **By Serving Its Agent-Melinda Gomez, Chiropractic Asst.**

✓____  PERSONALLY delivering the document to the person above.
_____  SUBSTITUTE SERVICE per Order by delivering to _____in person
       who is sixteen (16) years of age or older, at the above listed address which is the
       usual place of abode/business of the above named person.
_____  POSTING per Order by securely affixing to the main entry way at the above address.

### AFFIDAVIT

I, am over the age of eighteen, not a party to nor interested in the outcome of the above
suit, I have never been convicted of a felony or misdemeanor involving moral turpitude
in any state of federal jurisdicion and I have studied and am familiar with the Texas RULES
OF CIVIL PROCEDURE, VERNON'S TEXAS CIVIL STATUTES, CIVIL PRATICE AND REMEDIES CODE and all
other applicable rules and statutes relating to service of citation and/or notices.

Service Fee:_____

Witness Fee Tendered:_____

Berta L Allen, LIC#: CP 17
Professional Civil Process
317 Peoples Street Suite 614
P.O. Box 181293 (78480-1293)
Corpus Christi, Tx. 78401

STATE OF TEXAS}

VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn declared that the statements therein contained are
true and correct.  Given my hand and seal of office this 29 day of February 2000.

PCP Inv.# C0200 201

_____
NOTARY PUBLIC SIGNATURE



E. BIER
NOTARY PUBLIC
State of Texas
Comm. Exp. 08-14-2002

## CAUSE NO. 00-839-G

| | | |
|---|---|---|
| JOSEPH HUERTA, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| & AS NEXT FRIEND OF TRISTAN | § | |
| JOSEPH HUERTA, A MINOR CHILD | § | |
| | § | |
| VS. | § | NUECES COUNTY, T E X A S |
| | § | |
| VAIL CORPORATION, VAIL RESORTS, | § | |
| INC., JOSE CRUZ AND CORPUS | § | |
| CHRISTI INSTITUTE OF PAIN | § | |
| MANAGEMENT | § | 319TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **CORPUS CHRISTI INSTITUTE OF PAIN MANAGEMENT**, a Defendant in the above entitled and numbered cause and for answer to Plaintiffs' pleadings on file herein, would respectfully show unto the court as follows:

I.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the material allegations contained in Plaintiffs' pleadings filed herein, and demands strict proof thereof, as required by the laws of this State of persons or entities who bring suit as Plaintiffs do in the instant case.

II.

Defendant respectfully reserves the right as this time to amend this Original Answer after it has had the opportunity to more closely investigate these claims as is its right and privilege under the Texas Rules of Civil Procedure and the laws of the State of Texas.

III.

Defendant respectfully requests trial by jury.

MQ/jls 10702

**EXHIBIT F**

*Page 1*

WHEREFORE, PREMISES CONSIDERED, the above named Defendant, **CORPUS CHRISTI INSTITUTE OF PAIN MANAGEMENT**, having fully answered herein, prays that it go hence without day for cost, and for such other and further relief, both special and general, at law and in equity, to which said Defendant may be justly entitled.

Respectfully submitted,

**PRESTON & COWAN, L.L.P.**

By: _____
MICHELE QUATTLEBAUM
State Bar No. 16423400
1150 First City Tower
1001 Fannin Street
Houston, Texas  77002
(713) 371-0771
(713) 655-1556 - FAX

ATTORNEY FOR DEFENDANTS
**CORPUS CHRISTI INSTITUTE OF PAIN MANAGEMENT**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was mailed by certified mail, return receipt requested to counsel for Plaintiff on this the _____ day of March, 2000.

_____
MICHELE QUATTLEBAUM

MQ/jls  10702                                  - 2 -                                  *Page 2*

Case 2:00-cv-00123   Document 1   Filed in TXSD on 03/23/2000   Page 25 of 27

HUERTA, JOSEPH INDIV & N/F/C

vs

VAIL CORPORATION, ET AL

* * * CLERK'S ENTRIES * * *

(02)
REASON INJ/DAM OTHER THAN MOTOR VEHICLE

00-00839-00-0-G

* * * DOCKET ENTRIES * * *

```
02/15/2000  * * * DOCUMENTS FILED * * *
02/15/2000  ORIGINAL PETITION FILED
02/15/2000  INFO SHEET REQ SVC/HM
02/15/2000  CIVIL CASE INFO SHEET/HM
02/23/2000  CITATION (R)  VAIL CORP           FILED  03/06/2000
02/23/2000  SERVED  03/01/2000
02/23/2000  CITATION (R)  VAIL RESORTS, INC    FILED
02/23/2000  SERVED  03/01/2000
02/23/2000  CITATION (R)  JOSE CRUZ           FILED  03/06/2000
02/23/2000  SERVED
02/23/2000  CITATION (R)  CORPUS CHRISTI INSTITUTE OF PAIN MGT
02/23/2000  SERVED  02/29/2000               FILED  02/29/2000
02/24/2000  PLT'S 1ST AMD PTN/AG (FS)
03/13/2000  ORIGINAL ANSWER CORPUS CHRISTI INSTITUTE OF PAIN MGT
03/13/2000  CERTF O WRITTEN DISCV
03/13/2000  JURY FEE  Pd  by MICHELE QUATTLEBAUM
```

**EXHIBIT G**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH HUERTA, INDIVIDUALLY | § | |
| & AS NEXT FRIEND OF TRISTAN | § | |
| JOSEPH HUERTA, A MINOR CHILD | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| VAIL CORPORATION, VAIL RESORTS, | § | |
| INC. AND CORPUS CHRISTI | § | |
| INSTITUTE OF PAIN MANAGEMENT | § | |

## COUNSEL OF RECORD

1.    Tracie J. Renfroe
      TBA No. 16777000
      Federal Admission No. 5465
      Attorney-in-Charge
      M. Coy Connelly
      TBA No. 00793541
      Federal Admission No. 19410
      Bracewell & Patterson, L.L.P.
      711 Louisiana Street, Suite 2900
      Houston, Texas 77002-2781
      (713) 223-2900 (Phone)
      (713) 221-1212 (Fax)

      M. Colleen McHugh
      TBA No. 00000071
      Federal Admission No. 978
      2000 One Shoreline Plaza - South Tower
      800 N. Shoreline Blvd.
      Corpus Christi, Texas 78401-3700
      (361) 882-6644 (Phone)
      (361) 882-6659 (Fax)

      **Counsel For Defendants Vail**
      **Corporation and Vail Resorts, Inc.**

# EXHIBIT H

2.      Ms. Michele Quattlebaum
        TBA No. 16423400
        Preston & Cowan, L.L.P.
        1150 First City Tower
        1001 Fannin Street
        Houston, Texas 77002
        (713) 371-0771 (Phone)
        (713) 655-1556 (Fax)

        **Counsel for Defendant Corpus Christi
        Institute of Pain Management**

3.      Mikal C. Watts
        TBA No. 20981820
        Juan Enrique Mejia
        TBA No. 00784588
        Harris & Watts, P.C.
        555 N. Carancahua, Suite 1400
        Corpus Christi, Texas 78478
        (361) 887-0500 (Phone)
        (361) 887-0055 (Fax)

        **Counsel for Plaintiffs**