IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSEPH HUERTA, INDIVIDUALLY, § <br> & AS NEXT FRIEND OF TRISTAN JOSEPH § <br> HUERTA, A MINOR CHILD § <br> § <br> v. § <br> § <br> VAIL CORPORATION, VAIL RESORTS, INC. § <br> AND CORPUS CHRISTI INSTITUTE OF § <br> PAIN MANAGEMENT § | CIVIL ACTION NO. C-00-123 |

MOTION TO REMAND

TO THE HONORABLE COURT:

Plaintiff A. Joseph Huerta files his motion to remand, individually, and on behalf of his minor son, Tristan Joseph Huerta and shows the following.

I. ALLEGED BASIS FOR REMOVAL

Vail Corporation and Vail Resorts, Inc. ("Vail" or "Vail Defendants") have removed this action claiming the fraudulent joinder of Corpus Christi Institute of Pain Management ("CCIPM"). They allege first that there is no possibility that plaintiffs could ever recover against CCIPM and, alternatively, that they can establish fraudulent joinder merely by establishing that the claims against Vail and CCIPM are merely misjoined. Both arguments are specious, Vail cannot sustain removal jurisdiction on any theory and this cause should be summarily remanded.

II. LEGAL STANDARD FOR FRAUDULENT JOINDER

Vail bears the burden of establishing some basis for removal jurisdiction. *See Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989). In the case of fraudulent joinder, the "burden of persuasion ... is indeed a heavy one. *See e.g. B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In the Fifth Circuit, the removing party carries that burden only by proving:

4.

(1) that there is no possibility that plaintiffs would be able to establish a cause of action in state court or (2) outright fraud in the pleading of jurisdictional facts. *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000). In meeting this burden the defendant must overcome significant presumptions in plaintiffs' favor:

> …the district court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." The court must also resolve all ambiguities in the controlling state law in the plaintiff's favor. … We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so.

*Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). The court should not "pre-try" cases involving fraudulent joinder claims, but may, if appropriate, consider evidence such as affidavits and deposition testimony. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.1990). The question of whether liability may be imposed is determined by reference to the controlling law of the jurisdiction in which the federal court sits, in this case, Texas. *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000).

Acknowledging that they have no credible argument under the standards applicable in this circuit, Vail asks this court to follow out-of-circuit authority that recognizes a third variety of fraudulent joinder. *See Tapscott vs. Ms. Dealers Service Corp.*, 77 F.3d 1353 (11th Cir. 1996); *Triggs vs. John Crump Toyota*, 154 F.3d 1284 (11th Cir. 1998) (acknowledging but refusing to extend *Tapscott*). Although the request would be unusual enough in the face of the above-cited circuit authority defining the contours of fraudulent joinder, it is all the more odd because Vail fails even to argue that it actually meets the test set out in *Tapscott*.

As noted, *Tapscott* adds a third variety of fraudulent joinder. In that case, the court held that joinder is fraudulent when "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse

2

defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287. *Tapscott* has never been followed, discussed or endorsed by the Fifth Circuit. In fact, the numerous district courts in the Fifth Circuit to consider *Tapscott* have either flatly refused to follow it or have limited it to its unusual facts:

> To the Court's knowledge, the United States Court of Appeals for the Fifth Circuit has never adopted this approach. Furthermore, this Court's fellow judges, when asked to apply *Tapscott*, have found it unavailing.

*Hewitt v. AAA Ins. Co.*, 1999 WL 243642, 2 (E.D. La. 1999); *Terrebonne Parish School Board v. Texaco, Inc.*, 1998 WL 160919 (E.D.La. April 3, 1998) (Porteous, J.); *Scott v. The American Tobacco Co.*, 959 F.Supp. 340, 344 (E.D.La.1996); *Blanke v. Lincoln Nat'l Corp.*, 1997 WL 786225 (E.D.La. Dec. 18, 1997) (Sear, J.); *Dorsey v. Manufacturers Life Ins. Co.*, 1997 WL 703354 (E.D.La. Nov. 10, 1997); *Ren-Dan Farms, Inc. v. Monsanto Co.*, 952 F.Supp. 370 (W.D.La. 1997); *Marble v. American General Life and Accident Ins. Co*, 996 F.Supp. 571 (N.D.Miss. 1998). This standard is not the law in the Fifth Circuit and given the narrow construction given removal jurisdiction is unlikely ever to become the standard.

### III. ARGUMENT

**A. Vail Fails to Establish No Possibility of Obtaining Judgment Against CCIPM**

In evaluating a claim of fraudulent joinder, it is important to re-emphasize that the court does not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a *possibility* that the plaintiff may do so. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). Accordingly, the question framed in this manner is simply whether Vail has shown that there is no possibility that plaintiffs can a state cause of action for negligence arising out of the chiropractic/rehabilitation services provided by CCIPM. Plaintiffs have alleged that CCIPM was negligent in providing chiropractic/rehabilitation

3

services to Joseph Huerta and that such negligence has aggravated the degree of residual impairment sustained as a result of his injuries. The Vail Defendants simply cannot meet such a high burden because professional negligence is actionable in Texas. *Cf. Hartfiel v. Owen*, 618 S.W.2d 902 (Tex. Civ. App.—El Paso 1981, *writ ref'd n.r.e.*).

## B. VAIL FAILS TO MEET *TAPSCOTT* STANDARD

Vail makes no serious effort to analogize the facts of its removal to those of *Tapscott*. In *Tapscott*, the Eleventh Circuit affirmed the decision of a district court that held complete diversity present in a case in which plaintiffs had joined distinct class actions against diverse and nondiverse defendants, respectively, in the same lawsuit. The court reasoned that the claims could be severed, those against the nondiverse defendants remanded and jurisdiction retained as to the claims against the diverse defendants. The decision rested entirely on the theory that the claims against the defendants were completely unrelated. Plaintiffs in that case conceded that joinder was improper under either federal or Alabama procedure and that no claims were made asserting joint, several or alternative liability against the defendants. *See Tapscott*, 77 F.3d at 1359. The Eleventh Circuit held that "egregious" misjoinder permitted the court to disregard the citizenship of the nondiverse defendants under those facts. *Id.* at 1360. The court carefully noted that its opinion was limited to "egregious" joinder problems, not simple "misjoinder." *Id.*

In this case, Vail cannot establish any kind of misjoinder. This is so because as the primary tortfeasor, Vail is liable for all the damages proximately caused by its negligence. These damages, as a matter of law, include those arising from negligence of a treating medical provider. *Cannon v. Pearson*, 383 S.W.2d 565 (Tex. 1964) ("…one who wrongfully injures another is liable in damages for the consequences of negligent treatment by a doctor or surgeon selected by the injured person …"); *Galveston, H. & S.A. Ry. Co. v. Miller*, 191 S.W. 374 (Tex. Civ. App.—San

4

Antonio 1916, *writ ref'd*); *see also Pierce v. Westinghouse Electric Corp.*, 263 S.W.2d 810, 812 (Tex. Civ. App.—Galveston 1953, *rev'd on other grounds* 271 S.W.2d 422 (Tex. 1954)). This is "one of the consequences that the defendant should have anticipated as a probable result of its negligent conduct." *Hicks Rubber Co. v. Harper*, 131 S.W.2d 749, 751 (Tex. Civ. App.—Waco 1939, *writ dism'd*). This same reasoning is followed throughout the country. *See e.g. State ex rel. Bitting v. Adolf*, 704 S.W.2d 671 (Mo. Banc 1986); *Knutsen v. Brown*, 226 A.2d 460 (N.J. 1966); *Berlepsch v. Peck*, 2000 WL 157542, 2 (Conn. Super. 2000); *Gray v. Ford Motor Co.*, 914 S.W.2d 464 (Tenn. 1996). Therefore, not only are the claims properly brought in the alternative, but Vail is, in fact, jointly and severally liable for all the harm caused by CCIPM's negligence.[1]

C.     *TAPSCOTT* IS BAD LAW

Finally, this argument fails because the *Tapscott* standard in essence amounts to a judicial amendment to 28 USC § 1441. The argument is essentially that the claims against Vail and CCIPM present separate and independent causes of action, one of which is removable and the other not. In determining the scope of the federal court's removal jurisdiction, Congress expressly considered the removal of cases based upon the separate and independent claim theory, but elected to restrict that species of removal to cases invoking the court's federal question jurisdiction. 28 USC § 1441(c). In fact, the Fifth Circuit has explicitly held that § 1441(c) itself, "…must be construed narrowly; it was enacted to reduce the number of cases removable from state to federal court." *McKay v. Boyd Construction Co.*, 769 F.2d 1084 (5th Cir.1985). Congress simply made no provision for removal of cases based on separate and independent claims when

---

[1] Of course, CCIPM is liable only for those damages that flow from its own negligent contribution to the ultimate injury.

5

jurisdiction is founded solely on diversity of citizenship. Therefore, the *Tapscott* standard is an unwarranted expansion of removal jurisdiction.

## CONCLUSION

The court should sign the attached proposed order remanding this cause to the 319th Judicial District Court on the grounds that it was improvidently removed without jurisdiction. 28 USC § 1447(c).

Respectfully submitted,

HARRIS & WATTS, P.C.
Mikal C. Watts
State Bar No. 20981820
Juan Enrique Mejia
State Bar No. 00784588
Federal No. 15658
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478
Phone: (361) 887-0500
Fax: (361) 887-0055

By _____
Mikal C. Watts
Attorney-In-Charge
State Bar No. 20981820
Federal No. 12419

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONSULTATION

I consulted with Mr. M. Coy Connelly counsel for respondent Vail Defendants and he is opposed to this motion.

_____
JUAN ENRIQUE MEJÍA

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all opposing counsel by the method listed below.

_____
JUAN ENRIQUE MEJÍA

VIA CERTIFIED MAIL/RRR

Mr. Tracie J. Renfroe
Bracewell & Patterson, L.L.P.
711 Louisiana Street, Suite 2900
Houston, TX 77002-2781

Ms. Michele Quattlebaum
Preston & Cowan, L.L.P.
1150 First City Tower
1001 Fannin Street
Houston, TX 77002

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSEPH HUERTA, INDIVIDUALLY, § <br> & AS NEXT FRIEND OF TRISTAN JOSEPH § <br> HUERTA, A MINOR CHILD § <br> § <br> v. § <br> § <br> VAIL CORPORATION, VAIL RESORTS, INC § <br> AND CORPUS CHRISTI INSTITUTE OF § <br> PAIN MANAGEMENT § | CIVIL ACTION NO. C-00-123 |

## ORDER OF REMAND

The court has considered and grants the motion to remand filed by plaintiffs. The court finds that it lacks subject matter jurisdiction and that the cause was improvidently removed. 28 USC § 1447(c). Accordingly, this cause is remanded to the 319th Judicial District Court of Nueces County, Texas.

Signed this _____ day of _____2000 at Corpus Christi, Texas.

_____
Honorable Janis Graham Jack
United States District Judge