United States District Court
Southern District of Texas
FILED

MAR 31 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOSEPH HUERTA, INDIVIDUALLY § <br> & AS NEXT FRIEND OF TRISTAN § <br> JOSEPH HUERTA, A MINOR CHILD § <br> § <br> v. § <br> § <br> VAIL CORPORATION, VAIL RESORTS, § <br> INC. AND CORPUS CHRISTI § <br> INSTITUTE OF PAIN MANAGEMENT § | CIVIL ACTION NO. C-00-123 <br> (Judge Janis Graham Jack) |

## VAIL DEFENDANTS' MOTION FOR LEAVE TO ACCEPT FACSIMILE AFFIDAVIT

TO THE HONORABLE JANIS GRAHAM JACK:

Subject to and without waiving their Rule 12(b) Motions to Dismiss, Defendants, Vail Corporation and Vail Resorts, Inc. move for leave of court to file a facsimile copy of the affidavit of Andy Daly in lieu of the original in support of the Vail Defendants' Motion to Dismiss, Motion to Transfer Venue and Memorandum of Authority. The original of Mr. Daly's affidavit was sent by UPS for receipt in Corpus Christi on March 31, 2000. However, counsel for the Vail Defendants has been advised by UPS that a snow storm in Colorado interfered with UPS' transportation of the affidavit. The original will be filed no later than April 4, 2000. The affidavit of Mr. Daly is necessary to support the Vail Defendants' Rule 12(b) Motions to Dismiss and § 1404 Motion to Transfer Venue, and good cause exists to grant leave to accept a facsimile copy of Mr. Daly's affidavit. A copy of Mr. Daly's affidavit is attached as Exhibit A.

The Vail Defendants request that the Court grant their Motion for Leave to Accept Facsimile Affidavit, and for all other relief, legal and equitable to which the Vail Defendants may be entitled.

Respectfully submitted,

*Tracie J. Renfroe* by permission

Tracie J. Renfroe
TBA No. 16777000
Federal Admission No. 5465
Attorney-in-Charge

711 Louisiana Street, Suite 2900
Houston, Texas 77002-2781
(713) 223-2900 (Phone)
(713) 221-2123 (Fax)

**Counsel For Defendants Vail Corporation and Vail Resorts, Inc.**

OF COUNSEL:

M. Colleen McHugh
TBA No. 00000071
Federal Admission No. 978
Bracewell & Patterson, L.L.P.
2000 One Shoreline Plaza - South Tower
800 N. Shoreline Blvd.
Corpus Christi, Texas 78401-3700
(361) 882-6644 (Phone)
(361) 882-6659 (Fax)

M. Coy Connelly
TBA No. 00793541
Federal Admission No. 19410
Bracewell & Patterson, L.L.P.
711 Louisiana Street, Suite 2900
Houston, Texas 77002-2781
(713) 223-2900 (Phone)
(713) 221-2159 (Fax)

-2-

## CERTIFICATE OF CONFERENCE

On March 31, 2000, I conferred with Juan Mejia, counsel for Plaintiffs, and Michele Quattlebaum, counsel for the Corpus Christi Institute of Pain Management, regarding their opposition to this motion to transfer venue under § 1404. Mr. Mejia opposes the relief sought by the Vail Defendants. Ms. Quattlebaum agrees to the transfer of venue of the claim against the Vail Defendants to the District of Colorado.

Tracie J. Renfroe

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion For Leave to Accept Facsimile Affidavit has been served on the following counsel by certified mail, return receipt requested, on this the 31st day of March, 2000.

Mr. Mikal C. Watts
Harris & Watts, P.C.
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78478

Ms. Michele Quattlebaum
Preston & Cowan, L.L.P.
1150 First City Tower
1001 Fannin Street
Houston, Texas 77002

Tracie J. Renfroe

A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH HUERTA, INDIVIDUALLY & AS NEXT FRIEND OF TRISTAN JOSEPH HUERTA, A MINOR CHILD | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. C-00-123 |
| VAIL CORPORATION, VAIL RESORTS, INC. AND CORPUS CHRISTI INSTITUTE OF PAIN MANAGEMENT | ) ) ) | |

## AFFIDAVIT OF ANDY DALY

STATE OF COLORADO            )
                             )
COUNTY OF EAGLE              )

Andy Daly, being duly sworn, deposes and says:

1. I am the President and Chief Executive Officer of Defendant The Vail Corporation, and President of Vail Resorts, Inc. (collectively the "Vail Defendants"). I am over the age of eighteen and authorized by the Vail Defendants to make this affidavit. I have personal knowledge of facts contained in this affidavit and the Vail Defendants' motion to dismiss or, in the alternative, to transfer this case to Colorado, and they are true and correct. I respectfully submit this affidavit in support of these motions.

2. I have been informed that Plaintiff has commenced an action against the Vail Defendants in state district court in Nueces County, Texas, to recover damages for personal injuries as the result of an accident which allegedly occurred on a ski slope at the Vail Ski Area on March 17, 1998. Plaintiff alleges that the Vail Defendants were negligent in the operation of the ski slope.

3. Although the Vail Defendants deny all allegations of the negligence claim, it is undisputed that all of the allegedly wrongful conduct of the Vail Defendants and the alleged consequential injury to Plaintiff occurred in Colorado.

4. Vail Resorts, Inc. is incorporated under the laws of the State of Delaware with its principal place of business in Eagle County, Colorado. Vail Resorts, Inc. has no offices or employees anywhere in the United States except Colorado.

5.  The Vail Corporation is incorporated under the laws of the State of Colorado with its principal place of business in Eagle County, Colorado. The Vail Corporation has no offices or employees in the Sate of Texas.

6.  The Vail Defendants have never been authorized to do, nor have they been, doing business in the State of Texas.

7.  The Vail Defendants have never applied for a license or other qualification to do business in the State of Texas, and are not licensed or so qualified. Nor have they been doing any business in Texas.

8.  The Vail Defendants have not maintained and have never maintained, any office or other facilities in the State of Texas, nor have they ever owned, rented or leased any real property or guaranteed any leases there.

9.  The Vail Defendants do not maintain any movable property, funds, or other assets of any nature in the State of Texas.

10. The Vail Defendants store no records, files, correspondence, or other documents in Texas.

11. The Vail Defendants do not contract in the State of Texas for advertising in magazines, newspapers or any other media relative to Vail Ski Area nor has it hired nor maintained any marketing entity to do so on their behalf.

12. The Vail Defendants send no direct mass mailing into the State of Texas for marketing purposes.

13. The Vail Defendants have never commenced a lawsuit in the State of Texas.

14. The Vail Defendants do not own any stock, or any other legal interest, in any entity incorporated in, qualified to do business in, or doing business in Texas.

15. The Vail Defendants have no corporate or partnership subsidiaries or affiliates in the State of Texas.

16. The Vail Defendants have not consented to jurisdiction in the State of Texas.

17. Within the State of Texas, the Vail Defendants:

 a. have no officers, directors, board members, employees, or agents;
 b. have no affiliates or subsidiaries that engage in business on their behalf;
 c. have no agent authorized to act on their behalf;
 d. engage in no systematic or persistent course of conduct;

    e.    derive no material revenue from goods used or consumed or services rendered;
    f.    have no office, place of business or business records;
    g.    have no registered agent for service of process;
    h.    possess no authority or license to do business;
    i.    conduct no business;
    j.    have no Texas telephone number or listing;
    k.    have no mailing address;
    l.    have no bank account;
    m.    have never commenced a lawsuit;
    n.    have never lent assets to anyone.

18. The Vail Defendants have never consented, nor contemplated, that they would be subject to the jurisdiction of the courts of Texas.

19. In all respects, it would be convenient and appropriate to try this case in Colorado. Conversely, <u>it would severely prejudice Defendants and other lay and expert witnesses were this case to proceed in Texas</u> as virtually all of the lay witnesses and most expert witnesses on liability and damages reside in Colorado.

20. Because this accident occurred in Colorado, crucial witnesses are residents of Colorado and cannot be compelled to appear and testify in a Texas trial. These witnesses include ski area employees at the time of the accident who have knowledge of the conditions at the scene and the nature of the Plaintiff's accident. Many of the following employees are seasonal and therefore cannot be compelled to appear for deposition or trial purposes in Texas during the six to eight months they are not employed by the Vail Defendants.

21. Potential witnesses include the following:

    a.    Marvin Gray, P. O. Box 7, Vail, Colorado, 81658. Mr. Gray was a summer equipment operator and is supervisor of slope maintenance. Mr. Gray is still an employee of Vail and lives in Eagle County, Colorado. He may be called to testify as to grooming procedures and practices and other relevant issues.

    b.    Brian McCartney, P.O. Box 7, Vail, Colorado, 81658. Mr. McCartney was the Director of Mountain Operations for Vail, and is ski patrol director and is still employed by Vail, and lives in Vail, Colorado which is located in Eagle County. He has knowledge and information as to general patrolling and trail check procedures, protocol, and other relevant issues. Additionally, Mr. McCartney assisted in the rendering of first aid at the accident site.

    c.    Craig Poff, P.O. Box 7, Vail, Colorado, 81658. Mr. Poff was a Vehicle Operator foreman and a patroller who responded immediately to this accident. He rendered first aid at the accident site. Mr. Poff is a Colorado resident who is employed seasonally by Vail. While during the ski season he is employed by Vail,

throughout the remaining six months of the year, he is not a Vail employee. Vail has no ability to compel this witness to attend a trial in Texas. Yet, without the availability of this witness, Vail's defense of this case would be prejudiced.

d. Jessica Guthrie, P.O. Box 7, Vail, Colorado, 81658. Ms. Guthrie was a member of the skier services crew and a patroller who investigated this accident. Ms. Guthrie took photos of the scene, measurements of the scene, and constructed a diagram of the scene. She may be called to testify with regard to the same. Ms. Guthrie is a Colorado resident who is employed seasonally by Vail. While during the ski season, she is employed by Vail, throughout the remaining six months of the year she is not a Vail employee. Vail has no ability to compel this witness to attend a trial in Texas. Yet, without the availability of this witness, Vail's defense of this case would be prejudiced.

e. Julie Rust, P.O. Box 7, Vail, Colorado, 81658. Ms. Rust was a Ski Patrol Foreman who responded immediately to this accident. She rendered first aid at the accident site. Ms. Rust is a Colorado resident who is employed year round by Vail. Vail has no ability to compel this witness to attend a trial in Texas. Yet, without the availability of this witness, Vail's defense of this case would be prejudiced.

f. Tee Fox, P.O. Box 7, Vail, Colorado, 81658. Mr. Fox was the Ski Patrol Master who responded immediately to this accident. He rendered first aid at the accident site. Mr. Fox is a Colorado resident who is employed seasonally by Vail. While during the ski season he is employed by Vail, throughout the remaining six months of the year, he is not a Vail employee. Vail has no ability to compel this witness to attend a trial in Texas. Yet, without the availability of this witness, Vail's defense of this case would be prejudiced.

g. Steve Clark, P.O. Box 7, Vail, Colorado, 81658. Mr. Clark was a patroller who responded immediately to this accident. He rendered first aid at the accident site. Mr. Clark is a Colorado resident who is employed seasonally by Vail. While during the ski season he is employed by Vail, throughout the remaining six months of the year, he is not a Vail employee. Vail has no ability to compel this witness to attend a trial in Texas. Yet, without the availability of this witness, Vail's defense of this case would be prejudiced.

h. Henry Davison, P.O. Box 7, Vail, Colorado, 81658. Mr. Davison was a patroller who responded immediately to this accident. He rendered first aid at the accident site. Mr. Davison is a Colorado resident who is employed seasonally by Vail. While during the ski season he is employed by Vail, throughout the remaining six months of the year, he is not a Vail employee. Vail has no ability to compel this witness to attend a trial in Texas. Yet, without the availability of this witness, Vail's defense of this case would be prejudiced.

i.  Sarah Ries, P.O. Box 7, Vail, Colorado, 81658. Ms. Ries was a patroller who responded immediately to this accident. She rendered first aid at the accident site. Ms. Ries is no longer employed by Vail.

j.  Dan Walcher, P.O. Box 7, Vail, Colorado, 81658. Mr. Walcher is a supervisor for the Vail Ski Patrol and would be called with respect to his knowledge of patrol operations and trail checks as well as other relevant issues. Mr. Walcher is still employed by Vail and resides in Eagle County, Colorado.

k.  Jeff Spofford, P.O. Box 7, Vail, Colorado, 81658. Mr. Spofford was a patroller who transported Plaintiff's sister, Ms. Lisa Huerta, to the ambulance pickup point at Vail Village. Mr. Spofford additionally assisted in the investigation of the subject accident. Mr. Spotford may be called to testify as to these matters. Mr. Spofford is still employed by Vail.

l.  Paul Fillian, P.O. Box 7, Vail, Colorado, 81658. Mr. Fillian was a snow making supervisor prior to Plaintiff's accident on March 13, 1998. Mr. Fillian may be called with respect to his knowledge of snowmaking operations and other relevant issues. Mr. Fillian is still employed by Vail and lives in Eagle County, Colorado.

m.  Mike Larson, P.O. Box 7, Vail, Colorado, 81658. Mr. Larson was the Managing Director of Lift Operations and is in charge of mountain planning. Mr. Larson may be called to testify with respect to the overall mountain plan slope design as well as other relevant issues. Mr. Larson is still employed by Vail and resides in Eagle County, Colorado.

n.  Frank McNeil, P.O. Box 7, Vail, Colorado, 81658. Mr. McNeil was the Skier Services Supervisor for Vail Associates which includes mountain services personnel. Mr. McNeil may be called to testify with respect to mountain information provided to skiers as well as other relevant issues. Mr. McNeil is still employed by Vail and resides in Eagle County, Colorado.

o.  Rob Andrews, Risk Manager, P.O. Box 7, Vail Colorado, 81658. Mr. Andrews is the Director of risk management for Vail Associates. Mr. Andrews additionally inspected the subject accident site and may be called to testify with respect to his inspection as well as other relevant issues. Mr. Andrews is still employed by Vail and resides in Eagle County.

p.  Susan Hendry, Risk Management, P.O. Box 7, Vail, Colorado, 81658. Ms. Hendry inspected the subject accident site and assisted in the accident investigation. Ms. Henry may be called to testify with respect to her site inspection and investigation performed, as well as other relevant matters. Ms. Hendry is still employed by Vail and resides in Summit County.

q. Paul Testwuide, P.O. Box 7, Vail, Colorado, 81658. Mr. Testwuide is in charge of mountain operations. Mr. Testwuide may be called to testify with respect to overall operations, patrol, and grooming activities and as to the general conditions on Riva Ridge as well as other relevant issues. Mr. Testwuide is still employed by Vail and resides in Eagle County.

r. Dr. Robert Gurner, c/o Vail Valley Medical Center, 181 West Meadow Drive, Vail, Colorado, 81658. Dr. Gurner was an emergency room doctor who performed initial treatment on Mr. Huerta and may be called to testify with regard to same. Dr. Garner is a resident of Eagle County, Colorado

22. Immediately after the accident, Plaintiff received extensive medical treatment in Colorado. Plaintiff was admitted to Vail Valley Medical Center and was treated by doctors and other medical professionals or health care providers there including Drs. Robert Gurner and Todd Nielson, as well as presumably other health care professionals whose identities are presently unknown, treated the Plaintiff in Colorado and may be called to testify with respect to their diagnosis, their treatment, and anticipated prognosis. None of these medical witnesses, although located in Colorado, are employees of Vail and therefore could not be compelled to appear at a Texas trial. They would be beyond the process of the court and Vail's ability to defend this case would be hampered and prejudiced if the case was to proceed in Texas.

23. Moreover, Defendants believe that a jury viewing of the accident scene would be very beneficial to provide a jury panel with perspective. Should the Court determine that a jury viewing would be appropriate, this would be possible only if the case were pending in Colorado.

24. Travel by Defendants and their witnesses to the State of Texas for depositions and the trial of this action would impose substantial economic hardship. Vail's business operations, though most heavily involved with the public in winter, are conducted on a year round basis. Non skiing days are devoted to maintenance and development of the ski area and its operations and thus non skiing season are times that are as busy as the winter ski season for management personnel.

25. Skiing is a very important industry in our state. I have been informed that statistics gathered by Colorado Ski Country, the state trade association, show that the major Colorado ski areas had over 11 million skier visits last year. More than 3 times our total resident population of just over 3 million and, over 55% of these skier visits are from non residents of Colorado, including Texans and residents of virtually every other state and many foreign countries. It is unfortunate, but nevertheless true, that a significant number of skiers and other visitors to our recreational facilities are injured every season. To require management and employees of Vail or other Colorado ski areas to be brought into court throughout the United States wherever a person injured at Vail or another Colorado

-6-

ski area happens to reside, would severely and unduly disrupt the ongoing operations of the ski area and have a substantial detrimental impact on this most important component of Colorado's economy.

_____
Andy Daly

STATE OF COLORADO )
                 )
COUNTY OF EAGLE  )

The foregoing Affidavit of Andy Daly was acknowledged before me this 30th day of March, 2000, by Andy Daly.

Witness my hand and official seal.

_____
Notary Public

My Commission Expires:

My Commission Expires 09/12/2001

Business or residence address of Notary Public: PO Box 959
Avon, Co 81620

-7-

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH HUERTA, INDIVIDUALLY & AS NEXT FRIEND OF TRISTAN JOSEPH HUERTA, A MINOR CHILD | § § § § | |
| v. | § § | CIVIL ACTION NO. C-00-123 (Judge Janis Graham Jack) |
| VAIL CORPORATION, VAIL RESORTS, INC. AND CORPUS CHRISTI INSTITUTE OF PAIN MANAGEMENT | § § § | |

## O R D E R

This Court FINDS that the Motion for Leave to Accept Facsimile Affidavit filed by Vail Corporation and Vail Resorts, Inc. is meritorious and therefore should be GRANTED. It is therefore,

ORDERED that leave is granted to the Vail Defendants to file a facsimile of the affidavit of Andy Daly in support of the Vail Defendants' Motion to Dismiss, Motion to Transfer Venue and Memorandum of Authority in lieu of the original affidavit.

SIGNED on this ____ day of _____, 2000.

_____
HONORABLE JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE