United States District Court
Southern District of Texas
ENTERED
APR - 6 2000
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH HUERTA, INDIVIDUALLY & AS NEXT FRIEND OF TRISTAN JOSEPH HUERTA, A MINOR CHILD | § § § § § | |
| Plaintiffs, | § § § | |
| v. | § § § § § | CIVIL ACTION C-00-123 |
| VAIL CORPORATION, VAIL RESORTS, INC., JOSE CRUZ AND CORPUS CHRISTI INSTITUTE OF PAIN MANAGEMENT, | § § § § § § | |
| Defendants. | § | |

### ORDER

On this day came on to be considered a sua sponte remand. For the reasons stated herein, the Court ORDERS that the above-styled cause be remanded.

### I.  JURISDICTION

Defendants removed this action pursuant to 28 U.S.C. §§ 1441 & 1446, asserting this Court's jurisdiction over actions between parties of diverse citizenship pursuant to 28 U.S.C. § 1332.

## II. FACTS AND PROCEEDINGS

On March 13, 1998, Plaintiff Joseph Huerta ("Huerta") was skiing on premises owned, controlled or operated by Vail Corporation or Vail Resorts, Inc. (the "Vail Defendants") when he fell into a steep ravine adjoining the trail. (Complaint at 2). Plaintiffs assert that the Vail Defendants failed adequately to protect against or warn of a dangerous condition on the trail on which he was skiing, and that this failure caused Plaintiff injuries resulting in, inter alia, a twelve day coma. (Complaint at 2-3). Plaintiff received treatment for these injuries from Jose Cruz ("Cruz") and the Corpus Christi Institute of Pain Management ("CCIPM"), from which he seeks damages for "failure properly to design and implement a rehabilitation plan." (Complaint at 3).

On February 15, 2000, Plaintiff filed suit in 319th Judicial District, Nueces County, Texas, against the Vail Defendants, Cruz, and CCIPM, pressing state law claims for negligence against each of the Defendants. (Complaint at 3). On March 24, 2000, the Vail Defendants removed the action to this Court, pursuant to 28 U.S.C. §§ 1441 & 1446, asserting that Plaintiffs fraudulently

2

joined CCIPM in order to defeat diversity jurisdiction. (Notice of Removal at 2). The Notice of Removal makes no mention of Defendant Cruz. Cruz, CCIPM, Joseph Huerta and Tristan Joseph Huerta are all citizens of Texas. (Complaint at 1-2). The Vail Corporation is a Delaware corporation with its principal place of business in Colorado. (Complaint at 1). Vail Resorts, Inc., is a Colorado corporation with its principal place of business in Colorado. (<u>Id.</u>). The Court now considers the sua sponte examination of its subject matter jurisdiction over this matter.

### III. DISCUSSION

A defendant may remove a plaintiff's action from state court only if the case could have been originally filed in federal court. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). Where the removing party seeks to establish diversity jurisdiction, 28 U.S.C. § 1332, by asserting that a non-diverse party was fraudulently joined, "[t]he removing party bears the heavy burden of proving that non-diverse defendants have been fraudulently joined to defeat diversity, either by showing that (1) there has been outright fraud in the plaintiff's recitation

3

of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." Burden v. General Dynamics Corp., 60 F.3d 213, 217 (5th Cir. 1995)(citing Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 816 (5th Cir. 1995)).

Courts are required to determine sua sponte whether or not subject matter jurisdiction is properly conferred. F.D.I.C. v. Loyd, 955 F.2d 316, 322 (5th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Furthermore, section 1447(c) makes it clear that a federal court must remand a case when it determines that subject matter jurisdiction is lacking. Coleman v. Alcolac, Inc., 888 F.Supp. 1388, 1394 (S.D. Tex. 1995). Original jurisdiction exists if there is diversity of citizenship, i.e., when complete diversity exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S.Ct. 2396, 2402 (1978).

4

In determining the validity of a claim for fraudulent joinder, the district court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." Burden, 60 F.3d at 216 (quoting B. Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981)). "The court must also resolve all ambiguities in the controlling state law in the plaintiff's favor." Burden, 60 F.3d at 216. "If the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." Id., 60 F.3d at 216 (citing Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992)). In determining whether liability might be imposed, the district court is to refer to the controlling law of the state in which it sits. Hart v. Bayer Corp., 199 F.3d 239, 247 (5th Cir. 2000). In their Notice of Removal, the Vail Defendants do not attempt to establish the first type of fraudulent joinder, which requires

the removing party to show that the plaintiff's allegation of facts in the complaint contained "outright fraud." Instead, the Vail Defendants assert that "Plaintiffs will be unable to establish a cause of action against [CCIPM]." (Notice of Removal at 2). The Vail Defendants must therefore show that there is no possibility that Plaintiffs can recover against CCIPM.

Plaintiffs have alleged that CCIPM was negligent in its treatment of Huerta. (Complaint at 2). Texas courts recognize claims for medical malpractice as well as common law negligence. See Chambers v. Conaway, 883 S.W.2d 156, 158 (Tex.1993); Hood v. Phillips, 554 S.W.2d 160, 165 (Tex.1977); Hartfiel v. Owen, 618 S.W.2d 902 (Tex.Civ.App- El Paso 1981, writ ref'd n.r.e.). In a suit for medical malpractice, Texas law requires that the plaintiff prove four elements in order to establish liability: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) actual injury to plaintiff, and (4) proximate cause. Lanier v. Sallas, 777 F.2d 321, 323 (5th Cir.1985); Price v. Hurt, 711 S.W.2d 84, 86 (Tex.App.--Dallas 1986, no writ). Under Texas law, chiropractors owe a duty to their patients, although the plaintiff must establish the exact nature

6

of this duty by expert testimony. See Hartfiel, 618 S.W.2d at 902-04. The Vail Defendants have produced no evidence to show that Plaintiffs have no possibility of establishing that CCIPM breached its duty, that Plaintiffs suffered actual injury, or that CCIPM's actions were the proximate cause of Plaintiffs' injuries. The Court therefore finds that the Vail Defendants have failed to show that CCIPM was fraudulently joined.

The Vail Defendants assert, however, that the doctrine fraudulent joinder should apply in the instant case because "the claims asserted against [CCIPM] have no connection to the claims against the Vail Defendants." (Notice of Removal at 2). In support of this position, the Vail Defendants cite two Eleventh Circuit cases, Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996), and Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). In Tapscott, "a third situation of fraudulent joinder was identified-- i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim

7

against the nondiverse defendant." Triggs, 154 F.3d at 1287 (citing Tapscott, 77 F.3d at 1360).

The Court first notes that the Fifth Circuit has not recognized this third sort of fraudulent joinder. In fact, none of the district courts within the Fifth Circuit that have acknowledged the Eleventh Circuit's extension of the fraudulent joinder doctrine have elected to apply it. See Hewitt v. AAA Ins. Co., 1999 WL 243642, 2 (E.D.La. 1999); Terrebonne Parish School v. Texaco, Inc., 1998 WL 160919 (E.D.La. 1998); Ren-Dan Farms, Inc. v. Monsanto Co., 952 F.Supp. 370 (W.D.La. 1997); Marble v. American General Life and Accident Ins. Co., 996 F.Supp. 571 (N.D.Miss. 1998).

Second, the facts of the case at bar differ significantly from those of Tapscott, a class action involving claims against two distinct groups of defendants by two distinct groups of plaintiffs. Tapscott, 77 F.3d at 1355. There was no assertion of joint, several or alternative liability and no 'real connection' between the groups. Id. The Eleventh Circuit concluded that diversity jurisdiction existed because "the misjoinder was 'so egregious as to constitute fraudulent

8

joinder.'" <u>Triggs</u>, 154 F.3d at 1289 (quoting <u>Tapscott</u>, 77 F.3d at 1360).

In this case, there is only one set of plaintiffs. Plaintiffs assert the alternative liability of CCIPM. (Complaint at 3). Finally, there is a 'real connection' between CCIPM and the Vail Defendants since the Vail Defendants are liable for all damages proximately caused by their negligence, including those arising from negligence of a treating medical provider. <u>See Cannon v. Pearson</u>, 383 S.W.2d 565 (Tex. 1964)("[O]ne who wrongfully injures another is liable in damages for the consequences of negligent treatment by a doctor or surgeon selected by the injured person."); <u>Penick v. Christensen</u>, 912 S.W.2d 276, 289 (Tex.App.-Houston [14th Dist.] 1997). The Court finds that the facts of the instant action are distinguishable from those of <u>Tapscott</u>, and that the Vail Defendants therefore may not avail themselves of the "egregious misjoinder" doctrine to establish diversity jurisdiction.

## IV. CONCLUSION

Since the Court does not have subject matter jurisdiction over this matter, this cause of action is REMANDED, pursuant to

9

28 U.S.C. § 1446(c), to the 319th Judicial District Court, Nueces County, Texas, where it was assigned cause number 00-839-G.

ENTERED on this the 3rd day of April, 2000.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

10